527 S.E.2d 357

**In the Matter of Jesse J. FLOYD, Jr., Respondent.**

**No. 25055.**

Supreme Court of South Carolina.

Submitted Dec. 20, 1999.

Decided Jan. 24, 2000.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Langdon D. Long, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an agreement under Rule 21, Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment.[1] We accept the agreement.

Respondent admits to the following facts:

---

1. By order of this Court, dated September 11, 1998, respondent's license to practice law was placed on Interim Suspension, pursuant to Rule 17(b), RLDE.

On September 8, 1998, in Columbia, respondent stole an automobile from a rental car office at gunpoint, placed several employees in a bathroom, and then drove to a nearby branch of Nationsbank, where he stole approximately $24,000, also at gunpoint. In the course of the robbery of Nationsbank, respondent shot a bank teller. Respondent was indicted by a federal grand jury in the United States District Court for the District of South Carolina, Columbia Division, and charged with robbery of an automobile, use of a firearm in relation to a crime of violence, robbery of a bank, and use of a firearm in connection with a crime of violence. Respondent was also indicted in the Court of General Sessions for Richland County, on ten different indictments related to entering a bank with intent to steal, assault and battery with intent to kill, armed robbery, and kidnaping.

Respondent entered into a plea agreement with the federal government whereby he agreed to plead guilty to the pending federal charges, all of which were felonies, and in exchange for this plea and other agreements, the State of South Carolina agreed to dismiss its charges pending against him. Respondent pled guilty to all of the federal charges on September 20, 1999.[2]

As a result of his conduct, respondent has violated the following provisions of the Rules of Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of a Rule of Professional Conduct), Rule 7(a)(4) (conviction of a crime of moral turpitude or a serious crime), Rule 7(a)(5) (conduct demonstrating an unfitness to practice law or bringing the legal profession into dispute), and Rule 7(a)(6) (violation of the oath of office taken upon the admission to practice law in this State). Further, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violated the Rules of Professional Conduct), Rule 8.4(b) (commission of a criminal act), Rule 8.4(c) (engaged in conduct involving moral turpitude), Rule 8.4(e) (engaged in conduct that was prejudicial to the administration of justice).

---

2. At the time respondent entered into this agreement with the Office of Disciplinary Counsel, he had not yet been sentenced. Respondent requests that this Court proceed with this agreement and waives any requirements of Rule 16(e), RLDE, for this Court to wait for sentencing before imposing the agreed to penalty.

By his actions, respondent has brought the legal profession into disrepute and has forsaken the trust placed in him by the citizens of this State. Accordingly, respondent is hereby disbarred for his conduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DISBARRED.